UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL BENHAM,<br><br>      Plaintiff,<br><br>v.<br><br>ZIMMER TECHNOLOGY, INC.,<br>and ZIMMER, INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  CAUSE NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the defendants remove the state court action entitled *Michael Benham v. Zimmer Technology, Inc., et al.,* Suit No. 551962, Section 25, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The grounds for removal are:

**I.   PLEADINGS**

      1.    This is a product liability action in which the plaintiff, Michael Benham ("Plaintiff"), alleges that a prosthetic device manufactured by Zimmer Technology, Inc., and Zimmer, Inc. (collectively, the "Zimmer Defendants"), allegedly fractured and caused Plaintiff to suffer medical expenses, including mental and physical pain and suffering. Petition For Damages (the "Petition"), *passim*.

      2.    Plaintiff commenced this action against the Zimmer Defendants by filing the Petition in the 19th Judicial District Court of East Baton Rouge Parish, State of Louisiana, on February 8, 2007. A certified copy of the state court record is attached as Exhibit A. The first-served defendant in the case was served on February 22, 2007. No defendant has answered or otherwise responded to the Petition.

## II. REMOVAL IS PROPER IN THIS CASE

### A. Removal Is Timely And Amount In Controversy Exceeds $75,000

4. Removal is timely because it is made within 30 days of the first-served defendant having received the Citation and the Petition. *See* Exhibit B; 28 U.S.C. § 1446(b).

5. The amount in controversy, exclusive of interest and costs, exceeds $75,000, as required by 28 U.S.C. § 1332(a):

    a. Pursuant to Louisiana law, Plaintiff does not allege an exact amount of damages. *See* LSA-C.C.P. Art. 893. Instead, Plaintiff alleges that his damages "do not exceed the jurisdictional amount for a trial by jury." *See id.*; Petition, ¶ 6. In Louisiana, a jury trial is not available unless the amount of the petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs. LSA-C.C.P. Art. 1732. And, under Louisiana Code of Civil Procedure 1155, Plaintiff may amend his answer.

    b. Therefore, on March 2, 2007, counsel for the Zimmer Defendants sent a letter requesting Plaintiff to execute a proposed formal Stipulation providing that Plaintiff's cause of action for any and all damages against the Zimmer Defendants does not exceed $50,000. March 2, 2007, letter is attached as Exhibit B. Plaintiff did not respond. On March 9, 2007, counsel for the Zimmer Defendants sent a second letter, again requesting Plaintiff to execute the proposed Stipulation or, in the alternative, contact counsel for the Zimmer Defendants to discuss the proposed Stipulation. March 9, 2007, letter is attached as Exhibit C. Plaintiff did not respond.

    c. On March 14, 2007, counsel for the Zimmer Defendants sent a third letter requesting Plaintiff to execute a proposed formal Stipulation providing that Plaintiff's cause of action for any and all damages against the Zimmer Defendants does not exceed

$75,000. March 14, 2007, letter is attached as Exhibit D. Counsel for the Zimmer Defendants requested a response to the proposed formal Stipulation by March 19, 2007, and stated that if a response was not received by that date, "the Zimmer Defendants [could] only conclude that the alleged damages in this case are greater than $75,000 for purposes of removal." *Id.* Plaintiff did not respond.

        d.      Accordingly, Plaintiff has refused to enter a formal Stipulation that his damages do not exceed the jurisdictional amount, despite repeated attempts by the Zimmer Defendants to secure confirmation of the amount in controversy, and the Zimmer Defendants can only conclude that the alleged damages in this case are greater than $75,000.

        e.      Moreover, where a petition does not contain a monetary damages figure, a removing defendant may prove the jurisdictional amount by a preponderance of the evidence "by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 882 -883 (5th Cir. 2000); *see also Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 869 (5th Cir. 2002) (defendant may remove case where it can show that jurisdictional amount is satisfied "regardless of the style or wording of the demand").

        f.      In this case, Plaintiff's claims for medical expenses, and mental and physical pain and suffering are above $75,000. Zimmer designs, manufactures, and sells certain orthopedic and medical device implants. Affidavit of Chad Phipps ("Phipps Aff."), ¶ 3, attached as Exhibit E. Typically, medical expenses incurred as a result of a failed or fractured medical device implant are in excess of $75,000. *Id.* at ¶ 6. Specifically, medical expenses include the cost of the medical device implant, the primary implant surgery, the revision surgery

(to repair or replace the failed or fractured implant), and rehabilitation. *Id.* at ¶¶ 4, 6. In addition, Plaintiff claims to have undergone mental and physical pain and suffering as a result of the failed implant and subsequent revision surgery. Petition, ¶¶ 4, 5. It is reasonable to assume that Plaintiff will claim that such injuries are compensable at a value greater than $75,000.

        g.    Plaintiff has yet to provide medical records or other evidence establishing the extent of his damages. However, Plaintiff's claim for medical expenses alone establishes that the amount in controversy in this case is more than $75,000. *See id.* at ¶ 6.

**B.    There Is Complete Diversity Amount All Proper Parties**

    6.    The diversity of citizenship requirements of 28 U.S.C. § 1332(a) are satisfied. The Petition alleges that Plaintiff is a citizen of Calcasieu Parish, Louisiana. Petition at 1.[1] Zimmer Technology, Inc., is a Delaware corporation with its principal place of business in Illinois and, thus, is a citizen of Delaware and Illinois for purposes of determining diversity. 28 U.S.C. § 1332(c)(1) ("a corporation shall be determined to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.") Zimmer, Inc., is a Delaware corporation with its principal place of business in Indiana, and thus is a citizen of Delaware and Indiana for purposes of determining diversity. *Id.*

    7.    Accordingly, there is complete diversity among the parties, and removal is proper under 28 U.S.C. § 1332(a)(1).

---

[1]    The first paragraph in the Petition is not numbered and provides that Plaintiff is "a person of the full age of majority and resides in Calcasieu Parish, Louisiana . . ."

### C. Venue And Other Requirements Are Satisfied

8. The United States District Court for the Middle District of Louisiana includes the Parish in which the state court action is now pending. Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 1441(a).

9. Pursuant to 28 U.S.C. § 1446(d), the Zimmer Defendants are filing a written notice of this removal with the Clerk of the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. A Notice Of Removal To Adverse Party, together with copies of the Notice Of Filing Notice Of Removal and this Notice Of Removal, are being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d). A certified copy of the state court record is attached as Exhibit A pursuant to 28 U.S.C. § 1446(a).

WHEREFORE, the defendants respectfully remove this action from the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, bearing Suit No. 551962, Section 25, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

s/Amy C. Lambert

---

Amy Lambert (# 24348)
ADAMS AND REESE LLP
450 Laurel Street, Suite 1900
Baton Rouge, Louisiana 70801
Phone: 225-336-5200
Fax: 225-336-5220

Attorney for Zimmer Technology, Inc., and Zimmer, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of this Notice Of Removal was served via United States first-class mail, postage prepaid, on March 21, 2007, upon:

>Roger C. Burgess
>Erin M. Alley
>BAGGETT, McCALL, BURGESS,
>   WATSON & GAUGHAN
>3006 Country Club Road
>Post Office Drawer 7820
>Lake Charles, Louisiana  70606-7820

___s/Amy C. Lambert_____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL BENHAM,<br><br>    Plaintiff,<br><br>v.<br><br>ZIMMER TECHNOLOGY, INC.,<br>and ZIMMER, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) CAUSE NO. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL TO ADVERSE PARTY

TO:   Roger C. Burgess
        Erin M. Alley
        BAGGETT, McCALL, BURGESS,
          WATSON & GAUGHAN
        3006 Country Club Road
        Post Office Drawer 7820
        Lake Charles, Louisiana 70606-7820

      PLEASE TAKE NOTICE that the defendants, Zimmer Technology, Inc., and Zimmer, Inc., has filed a Notice Of Removal of the action captioned *Michael Benham v. Zimmer Technology, Inc., et al.*, Number 551962, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, in the United States District Court for the Middle District of Louisiana. Copies of the Notice Of Filing Notice Of Removal and Notice Of Removal are attached to this Notice. You are hereby further notified that a copy of the Notice Of Removal was delivered to the court where this action is now pending, and which shall effect the removal of the action from that court.

      This notice is given to you as attorneys for the plaintiff, Michael Benham, in compliance with the provisions of 28 U.S.C. §1446.

Respectfully submitted,

**s/Amy C. Lambert**
Amy Lambert (# 24348)
ADAMS AND REESE LLP
450 Laurel Street, Suite 1900
Baton Rouge, Louisiana 70801
Phone: 225-336-5200
Fax: 225-336-5220

Attorney for Zimmer Technology, Inc.,
and Zimmer, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of this Notice Of Removal To Adverse Party was served via United States first-class mail, postage prepaid, on March 21, 2007, upon:

Roger C. Burgess
Erin M. Alley
BAGGETT, McCALL, BURGESS,
   WATSON & GAUGHAN
3006 Country Club Road
Post Office Drawer 7820
Lake Charles, Louisiana  70606-7820

**s/Amy C. Lambert**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL BENHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CAUSE NO. _____ |
| ZIMMER TECHNOLOGY, INC., and ZIMMER, INC., | ) ) ) |
| Defendants. | ) ) |

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

I, Amy C. Lambert, being duly sworn, does depose and state as follows:

1.  I am an attorney of record for the defendants, Zimmer Technology, Inc., and Zimmer, Inc., and that all of the allegations contained in its Notice Of Removal and attachments thereto are true and correct to the best of my knowledge, information and belief.

2.  In above entitled action, I will file with the Clerk of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, a copy of Defendant's Notice Of Removal and accompanying federal documents.

_____
AMY C. LAMBERT

SWORN TO AND SUBSCRIBED BEFORE ME, THIS
20TH DAY OF MARCH, 2007.

_____
WILLIAM B. GAUDET, NOTARY PUBLIC
BAR ROLL # 1374